# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# (FRANKFORT)

*ELECTRONICALLY FILED*

| | |
|---|---|
| **MARLA MONTELL,** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No. _____ |
| | ) |
| v. | ) Judge _____ |
| | ) |
| **DIVERSIFIED CLINICAL** | ) |
| **SERVICES, INC., et al.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE OF REMOVAL

Defendants Diversified Clinical Services, Inc. ("DCS") and Austin Day and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 respectfully submit this Notice of Removal of this action from the Franklin County, Kentucky, Circuit Court, the court in which this case is presently pending, to the United States District Court for the Eastern District of Kentucky (Frankfort). As grounds for this removal, Defendants state as follows.

## LITIGATION FACTS

1. On or about May 2, 2012, Plaintiff Marla Montell filed a Complaint against Defendants in the Franklin County, Kentucky, Circuit Court, captioned *Marla Montell v. Diversified Clinical Services, Inc. and Austin Day*, bearing case number 12-CI-00577.

2. In the Complaint, Plaintiff named Austin Day, an individual employee of DCS as a codefendant.

3. Defendants received the Summons through Defendant DCS's statutory agent, CT Corporation, by certified mail on May 10, 2012.[1] The Complaint and Summons are the only pleadings, process, or orders that have been filed in this action to date. A certified copy of the complete Franklin Circuit Court case docket file is attached as Exhibit A.

**PLAINTIFF MARLA MONTELL'S EMPLOYMENT WITH DEFENDANT**

4. Plaintiff was first employed by DCS on November 30, 2009, when she was hired as its Program Director for the Wound Care Center at Frankfort Regional Medical Center. (Clayton Dec. ¶ 3).[2]

5. Plaintiff reported to Austin Day, Area Vice President. (Clayton Dec. ¶ 4).

6. Plaintiff resigned effective May 27, 2011. (Clayton Dec. ¶ 5).

7. At the time of Plaintiff's resignation, she was a full-time employee, and she earned $71,399.95 per year. (Clayton Dec. ¶ 6).

**CITIZENSHIP OF THE PARTIES**

8. Plaintiff asserts that she is a resident of Shelby County, Kentucky, and was a resident of Shelby County, Kentucky, at all times relevant to the Complaint. (Compl. ¶ 2).

9. Defendant DCS is incorporated in the State of Delaware. (Clayton Dec. ¶ 2). Its officers direct, control, and coordinate the corporation's activities from Jacksonville, Florida, which is Defendant's principal place of business, or nerve center. (Clayton Dec. ¶ 2). Thus, Defendant DCS is a citizen of Delaware and Florida. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *see also The*

---
[1] Defendant Day was never properly served under the Kentucky Rules of Civil Procedure, but he did receive a copy of the Complaint and joins in the removal of this action.
[2] The Declaration Under Penalty of Perjury of Thomas Clayton Pursuant to 28 U.S.C. § 1746 is attached as Exhibit B.

*Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

10. Defendant Day is an individual residing in North Carolina. (Clayton Dec. ¶ 4).

11. As neither Defendant is a citizen of the Commonwealth of Kentucky, this action is between citizens of different states over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and it is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

## AMOUNT IN CONTROVERSY

12. The amount in controversy is to be determined based on the Plaintiff's complaint at the time the notice of removal is filed. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

13. Plaintiff specifically states that she is seeking damages in excess of the minimal amount to establish the jurisdiction of the United States District Court. (Pl. Compl. ¶ 1).

14. Moreover, it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiff's requested monetary damages are in excess of the jurisdictional amount necessary to establish diversity jurisdiction. When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

15.     Plaintiff claims that she was harassed in violation of KRS 525.070 and retaliated against in violation of KRS 344.280. Plaintiff alleges two additional claims: (1) outrage and (2) negligent hiring, training, supervision, and retention. (Compl. ¶¶ 12-26). Plaintiff alleges that she is entitled to damages and equitable relief, including civil damages under KRS 446.070, actual damages, compensatory damages, incidental damages, punitive damages, liquidated damages, prejudgement and postjudgement interest, attorney's fees, front pay, back pay, reinstatement, injunctive relief, promotion and fringe benefits, and "[a]ll other relief to which the Plaintiff may appear entitled." (Compl. ¶23, 28, and Prayer for Relief). Plaintiff specifically alleges that she is entitled to punitive damages and back pay. *Id.*

16.     The Kentucky statute allowing civil damages for violations of the Kentucky Penal Code allows for recovery of damages "sustained by reason of the violation." KRS 446.070. The Kentucky statute prohibiting retaliation for opposing sexual harassment or participating in any investigation of same provides for recovery of actual damages, costs, and reasonable attorney's fees. KRS 344.450. "Actual damages" has been defined to include emotional distress, humiliation, and embarrassment. *Childers Oil Co. v. Adkins*, 256 S.W.3d 19, 28 (Ky. 2008). Plaintiff's tort claims potentially make traditional tort remedies available as well.

17.     Plaintiff alleges damages for harassment, emotional distress, and negligence in an amount that exceeds the minimum amount necessary to confer jurisdiction upon the Franklin Circuit Court, punitive damages in an amount that exceeds the minimum amount necessary to confer jurisdiction upon the Franklin Circuit Court, and "[a]ll other relief to which the Plaintiff may appear entitled." (Compl. ¶23, 28, and Prayer for Relief). The minimum to confer jurisdiction on the Franklin Circuit Court is $5,000.00.

18.     As explained herein, at the time of Plaintiff's resignation, she was employed earning $71,399.95 per year. Assuming that Plaintiff remained employed from the date of her resignation (May 27, 2011) to the present, Plaintiff could have earned, at a minimum, $71,399.95. (Clayton Dec. ¶ 8). When Plaintiff's request for punitive damages, damages for the "actual damages" of emotional distress, humiliation, or embarrassments, and costs and attorney's fees[3] are also considered, Plaintiff's damages, if she were to be successful at trial, would be in excess of $75,000.00.

19.     While Defendants specifically deny Plaintiff's claims and entitlement to all of the remedies demanded, based on the face of the Complaint, it is evident that Plaintiff's claim for damages exceeds $75,000.00.

## REMOVAL

20.     Because there is complete diversity of citizenship between the parties and the Complaint reflects an amount in controversy in excess of $75,000.00, the United States District Court for the Eastern District of Kentucky (Frankfort) has original jurisdiction over this matter under 28 U.S.C. § 1332.

21.     Pursuant to 28 U.S.C. § 1441, the right exists to remove this case to the United States District Court for the Eastern District of Kentucky (Frankfort), which embraces the place where the action is currently pending.

22.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of receipt of the Summons and Complaint in this matter.

---

[3] A plaintiff's demand for attorney's fees may be considered in the calculation of the estimated amount in controversy when the plaintiff fails to specifically plead with regard to the amount in controversy when, as in this case, attorney's fees are mandated or expressly allowed by statute. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377-78 (6th Cir. 2007).

23. As required by 28 U.S.C. § 1446(d), Defendants shall promptly file a copy of this Notice of Removal with the Franklin County, Kentucky, Circuit Court and serve copies of this Notice of Removal on Plaintiff's counsel.

WHEREFORE, Defendants respectfully request that the above-entitled action now pending in the Franklin County, Kentucky, Circuit Court be removed pursuant to 28 U.S.C. §§ 1332 and 1441 to this Court, that this Court accept jurisdiction over this action, and that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this court.

Respectfully submitted,

*/s/ Katharine C. Weber*
Katharine C. Weber (KBA 83370)
JACKSON LEWIS LLP
PNC Center, 26th Floor
201 E. 5th Street
Cincinnati, Ohio 45202
Telephone (513) 898-0050
Facsimile (513) 898-0051
E-mail katharine.weber@jacksonlewis.com

*Counsel for Defendants Diversified Clinical Services, Inc. and Austin Day*

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on May 29, 2012, via regular U.S. Mail upon the following:

> J. Dale Golden
> Justin S. Peterson
> Corporate Plaza
> 771 Corporate Drive, Suite 905
> Lexington, Kentucky 40503

*/s/ Katharine C. Weber*
Katharine C. Weber

4822-7828-7119, v. 1